**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HUNTER D. STANSBERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1744** |
| **MICHAEL P. MENTZ** | **SECTION "L"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **Factual and Procedural Background**

Plaintiff Hunter D. Stansberry ("Stansberry") is an inmate housed in the Eastern Louisiana Mental Health System's Oakcrest Campus Hospital in Jackson, Louisiana. ECF No. 1 (Deficient Complaint). Stansberry submitted this *pro se* complaint under 42 U.S.C. § 1983 challenging the state trial judge's rulings in connection with his competency assessment and his current detention in the mental health facility. *Id.* at 3, ¶IV. Stansberry's complaint is captioned for a different court and was not accompanied by a filing fee or an application to proceed *in forma pauperis*.

On September 23, 2021, the Clerk of Court sent Stansberry a notice of these deficiencies which required that he correct the name of the court and either pay the filing fee or submit a properly completed pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The envelope containing the notice has not been returned as undeliverable, and Stansberry has not responded to the notice.

On October 25, 2021, the Court issued a Show Cause Order to Stansberry requiring that, on or before November 24, 2021, he show cause for his failure to respond to the Clerk's notice and either pay the filing fee or submit a properly certified pauper application. ECF No. 3. The Clerk mailed the Order to Stansberry at his address of record, and the envelope was returned marked, "RETURN TO SENDER – REFUSED – UNABLE TO FORWARD." ECF No. 4. Stansberry has not since contacted the Court or the Clerk of Court about this case.

## II.    <u>Standard of Review under Fed. R. Civ. P. 41(b)</u>

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, plaintiff is without counsel and is responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Info. Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more

than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quotation omitted); *Birl*, 660 F.2d at 593.

### III.   <u>Analysis</u>

As noted above, Stansberry did not properly caption his complaint for this Court or submit the required filing fee or pauper application.  He did not responded to the Clerk's request to correct these deficiencies and refused the envelope containing the Court's Order.  His apparent refusal of mail from the court and his failure to respond to the notice, pay the required fee, or apply for pauper status demonstrates his flagrant disregard for rules of this court and the steps required to properly file and prosecute this case.

For these reasons, Stansberry's § 1983 complaint should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for his failure to prosecute.

### IV.   <u>Recommendation</u>

It is therefore **RECOMMENDED** that Hunter D. Stansberry's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this _19th___ day of January, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.